Citation Nr: 1702631 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 06-13 799 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to a disability rating in excess of 30 percent for service-connected ischemic heart disease from January 18, 2012 to September 24, 2015 and in excess of 60 percent from September 25, 2015 to the present. 

2. Entitlement to service connection for residuals of bamboo poisoning. 

3. Entitlement to service connection for chronic peripheral neuropathy, to include as due to exposure to herbicides. 

4. Entitlement to a total disability evaluation based on individual unemployability as due to service-connected disabilities. 


REPRESENTATION

Appellant represented by: S. Ravin, Esq. 


WITNESSES AT HEARING ON APPEAL

Veteran and spouse


ATTORNEY FOR THE BOARD

J. T. Sprague, Counsel


INTRODUCTION

The Veteran had active service in the United States Army from December 1966 to November 1969, to include duty in Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana. The Board, in an August 2007 rating decision, denied entitlement to service connection for peripheral neuropathy and bamboo wound residuals. The Veteran appealed to the U.S. Court of Appeals for Veterans Claims (Court) who, in an August 2008 order, vacated the Board's decision and remanded the claim for further development. The Board remanded the claims in June 2009 and September 2010, and for reasons discussed below, must again remand the claims and the others on appeal for evidentiary development. 

The issue of entitlement to a higher disability rating for bilateral hearing loss has been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

This is a merged appeal, with the issues of entitlement to service connection for neuropathy and bamboo poisoning stemming from the vacating of an August 2007 Board decision by the Court, and with the issues of a higher rating for heart disease and TDIU claim being perfected subsequent to that action. While a hearing was held with a now-retired VLJ on the two older issues, the Veteran has not expressed a desire for a new hearing, and all issues may be reviewed by a single VLJ. 

It is noted that the Veteran had cardiology consultations with VA in 2012, and these, and some consultations in 2013 and 2014, are the latest VA clinical records uploaded into the claims file. Records dated prior to this, to include 2008 clinical assessments noting problem areas requiring recurrent treatment, suggest that the Veteran regularly engages VA healthcare services. Indeed, VA records dated in 2014 and 2016 document that the Veteran was reassigned VA primary care providers in different VA facilities in the region, with a March 2016 note describing upcoming, regular clinical appointments. There is, however, no documentation of the continuing care provided by these practitioners (with the administrative recording of the type of care provided being the sole documentation of continuing care). Because of this, the Board is not satisfied that it has all records held in federal custody, and the claim must be remanded so that these VA records can be obtained. Bell v. Derwinski, 2 Vet. App. 611 (1992).

In addition, with respect to the examinations afforded in concert with the Court's August 2008 order (and Board's June 2009 and September 2010 remand orders), it is noted that the existence of "current disability," regarding both claimed conditions, was held in doubt. Also, while the examiner noted a possibility of bamboo infection causing susceptibility to lower extremity problems and to later systemic infections by the staphylococcal aureus bacterial strain, as bamboo cuts were not documented in the service treatment records, the examiner did not offer an opinion other than to say a causal relationship was not "outside of the realm of possibility" (assuming current diagnoses and residual disablement could be assessed). Given that the most recent examination is nearing six years in age and that the opinions offered are rather equivocal (and also, potentially, not based on the complete record given the lack of current VA records), the claims will be remanded for a new examination. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). 

Lastly, the Veteran was examined by VA in 2015 regarding the severity of his heart condition. The examiner made note of limitations in the ability to lift and engage in physical activities; however, an opinion with respect to the functional impact of the disability, in concert with other service-connected disablement, on the overall ability to engage in employment (sedentary and physical) should be offered on remand. 

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding VA treatment records, from 2012 to the present, and associate them with the claims folder. 

2. Schedule the Veteran for a comprehensive internal medicine examination to address the etiology of any currently present neurological disorder in the lower extremities, to include peripheral neuropathy, as well as any residuals of bamboo poisoning. The following should be addressed:

 Is it at least as likely as not (50 percent probability or greater) that any residual disability, to include systemic susceptibility to bacterial infection and neurological impairment in the lower extremities, had causal origins with being cut with bamboo and experiencing infection while serving in Vietnam? The current state of disability, from the filing of the claim forward, should be addressed. Private medical findings which discuss the possibility of linkage of skin manifestations to an earlier bamboo strike must be discussed if any current disability is diagnosed. 

 Is it at least as likely as not that direct exposure to herbicides caused any neurological impairment in the lower extremities?

 The examiner is reminded that the Veteran served in Vietnam as a combat engineer assigned to support artillery units. Exposure to bamboo (aka "elephant grass") is likely to have occurred, and there is no doubt that he experienced cuts, scrapes, and contamination while in active service. That the service treatment records do not specifically describe a bamboo strike is irrelevant when coming to a conclusion on this matter, and the examiner should assume bamboo exposure occurred as described. 

 The examiner should provide rationales with all opinions offered, and as noted, may not rest an opinion simply on a lack of contemporaneous documentation. 

3. Should the obtained VA clinical records indicate a worsening of service-connected heart disease since the last examination of record in 2015, a new examination to address the severity of heart symptoms should be afforded. 

4. Regardless if such increase in symptoms is shown, the claim should be returned to the examiner who performed the 2015 heart examination for an addendum opinion with respect to employability. In addition, the internal medicine examiner addressing the nature and etiology of bamboo exposure residual disability and lower extremity neurological extremity should also offer an opinion with respect to employability. Specifically, the respective examiners should note as to as if the heart disease, bamboo exposure residuals, or neurological disablement in the legs, either acting alone or in combination with other service-connected factors, caused the Veteran to be unable to engage in employment consistent with his skills, education, and training. 

5. Following the above-directed development, re-adjudicate the Veteran's claims. Should the claims remain denied, issue an appropriate supplemental statement of the case and forward the claims to the Board for adjudication. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
T. D. JONES
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).